**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-62938-CIV-MARTINEZ**

PAULA DALLAN TOVAR CORREAL,

Petitioner,

v.

TODD BLANCHE, U.S. Attorney General; *et al.*,

Respondents.
_____________________________________________/

**ORDER**

**THIS CAUSE** came before the Court on Petitioner Paula Dallan Tovar Correal's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") [ECF No. 1]. In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Petition should not be granted. (*See* [ECF No. 4]). Respondents filed their Response on October 23, 2026 (the "Response") [ECF No. 6]. Petitioner did not file a reply. The Court has considered the briefing, record, and relevant law and is fully advised.

## I. BACKGROUND

Petitioner is a native and citizen of Colombia who entered the United States without inspection, admission, or parole on November 28, 2022, near San Luis, Arizona. (Resp. 1). Petitioner was subsequently paroled into the United States. (*Id.* 2). On February 21, 2023, Immigration and Customs Enforcement (ICE) Enforcement and Removal Operation (ERO) issued and served Petitioner with a Notice to Appear (NTA). (*Id.*). On June 6, 2023, ICE ERO initiated removal proceedings by filing the NTA with the Executive Office for Immigration Review. (*Id.*). Petitioner timely filed her asylum application in November of 2023. (Pet. ¶ 5). On August 3, 2026,

Petitioner married a United States citizen, and she intends to pursue adjustment of her immigration status. (*Id.* ¶ 5).

On September 6, 2026, Petitioner was arrested in Palm Beach County, Florida for domestic battery following a dispute with her husband. (Resp. 2). The state attorney determined there was insufficient evidence to charge Petitioner. (*Id.*). On September 8, 2026, ICE ERO issued a Warrant for Arrest of Alien and placed Petitioner in custody the following day. (Resp. 2–3).

On September 30, 2026, Petitioner filed a motion for custody determination with an Immigration Judge. (*Id.* 6). On October 9, 2026, the Immigration Judge denied Petitioner's request for custody redetermination, finding Petitioner a flight risk. (*Id.*). Petitioner is currently detained at the Broward Transitional Center (BTC) in Broward County, Florida pending the outcome of her removal proceedings. (*Id.*). Petitioner is currently five months pregnant. (Pet. ¶ 11).

Petitioner now petitions this Court for a writ of habeas corpus, arguing that her detention violates due process and seeks immediate release from custody. (*See* Pet. ¶¶ 1, 26). Respondents submit that Petitioner is not entitled to relief because she has failed to exhaust the administrative remedies available to her. (Resp. 1).

## II. DISCUSSION

Before starting a proceeding under 28 U.S.C. § 2241, a petitioner must exhaust available administrative remedies. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Although exhaustion is not jurisdictional, the "exhaustion requirement is still a requirement[.]" *Id.* So, while a court may "skip over the exhaustion issue if it is easier to deny … the petition on the merits[,]" it may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Id.* Because Respondents have properly asserted an exhaustion

defense, (*see generally* Resp.), the Court must address it, *see Santiago-Lugo*, 785 F.3d at 475 (citation omitted).

Administrative review was available to Petitioner. Petitioner's claims turn on her assertion that the Immigration Judge "failed to hold a constitutionally sufficient hearing where he alleged that [Petitioner's] timely filed asylum application was 'speculative' without a full merits hearing." (Pet. ¶ 17). Petitioner was entitled to appeal those determinations to the Board of Immigration Appeals ("BIA"). *See Sanchez v. Warden, Krome Serv. Processing Ctr.*, No. 26-cv-22640, 2026 WL 1741225, at *3 (S.D. Fla. June 17, 2026) ("[T]he Eleventh Circuit [has] indicated that an 'allegation of a due process violation—that [the petitioner] was denied a full and fair hearing before a neutral factfinder—is precisely the kind of procedural error which requires exhaustion.") (citations omitted).

Petitioner did not pursue this available administrative remedy. As Respondents contend, the BIA has authority to review an Immigration Judge's custody determinations. *See* 8 C.F.R. §§ 1003.1(b)(7), 1003.19(f), 1003.38, 1236.1(d)(3). Because Petitioner failed to exhaust her due process claims before bringing them in federal court, the Petition is dismissed without prejudice. *See Hernandez-Hernandez v. Field Off. Dir., Miami Field Off., ICE Enf't & Removal Operations*, No. 26-24870-CIV, 2026 WL 2474510, at *3 (S.D. Fla. Aug. 6, 2026) ("Petitioner failed to exhaust his administrative remedies when he failed to properly appeal the bond denial to the BIA.").

Furthermore, to the extent Petitioner intends to raise a due process claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), that claim is premature. The Supreme Court has recognized that the presumptively reasonable period of detention for noncitizens subject to a final order of removal is six months. *See Zadvydas*, 533 U.S. at 701. ICE took Petitioner into custody on September 9, 2026, (*see* Resp. 3), so she has been detained for less than two months. Her detention has not yet

exceeded the presumptively reasonable period. *See Zadvydas*, 533 U.S. at 701. Although the Court is sympathetic to Petitioner's circumstances, the Petition must be dismissed without prejudice.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Petitioner Paula Dallan Tovar Correal's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] is **DISMISSED without prejudice**.
2. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 2 day of November 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record